**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>TEODARO RISQUEZ,<br>　　　　Defendant. | CASE NO. 84-CR-0254-JM<br><br>**ORDER DENYING MOTION FOR EQUITABLE RELIEF UNDER THE ALL WRITS ACT** |

**I. BACKGROUND**

Over 27 years ago, Defendant pled guilty to a misdemeanor offense, attempted possession of cocaine in violation of 21 U.S.C §§ 846 and 844(a). At that time, § 844(a) allowed the sentencing judge to expunge a conviction by imposing a period of diversion for one year and at the end of that year, not entering the tendered guilty plea. During the sentencing proceedings, Defendant requested such a sentence of diversion. The court stated on the record that it did not believe it had the discretion to impose a sentence of diversion and sentenced Defendant to 24 months probation.

1

On appeal, the Ninth Circuit reversed, holding that the District Court had such discretion and remanded for resentencing with knowledge of that discretion. On remand, the District Court reaffirmed its original sentence of 24 months probation. On July 25, 1986, Defendant filed a Rule 35 Motion to Reduce Sentence which was denied.

Defendant now brings a motion under the All Writs Act and seeks relief by the grant of a writ of error coram nobis. Defendant alleges that his assistance of counsel was ineffective during the sentencing proceedings on remand and that, as a result, Defendant has recently suffered previously unforeseen negative consequences.

## II. DISCUSSION

### A. Legal Standard: The Writ of Error Coram Nobis

Federal courts have the authority to issue a writ of error coram nobis to correct a fundamental adjudicative error when a more usual remedy is not available. 28 U.S.C. 1651(a); United States v. Morgan, 346 U.S. 502, 513 (1954). A defendant must prove each of the following elements to qualify for coram nobis relief: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). Furthermore, a petition for a writ of error coram nobis may be filed by a Defendant who has already served his entire sentence and it is not subject to a statute of limitations. Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). However, the timing of filing is subject to the equitable doctrine of laches. Id.

### B. Application to Defendant's Petition

The first and third elements appear to be easily met; no other remedy is available at this point and Defendant has provided an array of undisputed negative consequences that he continues to face. Ineffective assistance of counsel would qualify as "error…of the most fundamental character." Morgan, at 45. However, Defendant has not shown that trial counsel's performance reached the level of deficiency required under the Strickland standard nor has he established he was prejudiced by trial counsel's alleged deficient performance. Additionally, Defendant's petition clearly fails because of element two. Given Defendant's deportation and continuing immigration restraints, including 27 years of visa denials, years of difficulty visiting family, and prior engagement of immigration counsel, defendant is left with no valid reason for not attacking the conviction earlier.

    a. *A more usual remedy is not available*

All other procedural avenues appear to be unavailable at this point. Habeas corpus relief is not available because, among other things, Defendant is not in custody. The appellate process was exhausted when final judgment was entered on remand in 1986. All other procedural remedies, including relief under 28 U.S.C § 2255, would be time-barred. A petition for a writ of error of coram nobis is Defendant's only remaining option.

    b. *Adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III*

In Sibron v. New York, 392 U.S. 40, 88 (1968), the Supreme Court held that it is presumed that a criminal conviction creates a case or controversy and is moot "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." (Court had jurisdiction even though Defendant had completely served his six-month sentence for unlawful possession of heroin because the possibility existed
3

that his conviction could pose future legal consequences).  See also Hirabayashi, at 606. Furthermore, a petition is not rendered moot by the misdemeanor status of the conviction because "any judgment of misconduct has consequences for which one may be legally or professionally accountable." Hirabayashi, at 605-06.

In addition to this presumption that adverse consequences exist, Defendant has laid out an array of undisputed negative immigration consequences that he continues to face today, including his visa denials which disrupt his business. A sufficient case or controversy exists.

### c. *The error is of the most fundamental character*

#### 1. Ineffective Assistance of Counsel

Because it is the denial of a fundamental constitutional right, ineffective assistance of counsel would qualify as "error…of the most fundamental character." Morgan, at 45.  To demonstrate ineffective assistance under Strickland, Defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his case.  Strickland v. Washington, 466 U.S. 668, 690-92 (1984).

Defendant contends that trial counsel violated his Sixth Amendment right to counsel by failing to provide evidence on appeal showing that Defendant was a drug abuser who required rehabilitative treatment.  A defendant's suitability for a drug rehabilitation program is a basis upon which a diversionary sentence may be given.  The Ninth Circuit noted on appeal that "there is no evidence in the record before us on whether Risquez is a drug abuser who requires rehabilitative treatment." United States v. Bogart, 783 F.2d 1428, 1439 (9th Cir. 1986). Defendant argues that the Ninth Circuit was providing "obvious guidance" regarding a "glaring

absence of facts" that "should have put [trial counsel] on notice" that he needed to provide facts showing that a drug rehabilitative program was appropriate for Defendant.

    i. <u>Defendant has failed to carry his burden to show trial counsel's performance was deficient</u>

The standard for trial counsel's decision to not introduce evidence of the suitability of a rehabilitation program is whether it was "reasonable considering all the circumstances." <u>Strickland</u>, at 688. Additionally, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Strickland,</u> at 689.

Defendant is now, with the benefit of hindsight, arguing that trial counsel was unreasonable in not providing evidence that Defendant was a drug abuser in need of formal treatment. Interestingly, in his petition, Defendant does not now contend or provide facts that he was in fact a drug abuser in need of a rehabilitative program at the time of his conviction or that he would have been deemed eligible and suitable for such a program, especially given his status as a non-U.S. citizen. Although the record does not disclose the rationale for decision-making, counsel may have simply concluded that a rehabilitation program was unnecessary or that straight probation was preferable for Defendant.

Trial counsel's determination not to argue on remand that Defendant was a drug abuser in need of formal rehabilitation appears to fall within the "wide range of reasonable professional assistance." Defendant has not carried his burden to overcome the presumption that any such determination "might [have been] considered sound trial strategy."

ii. <u>Defendant has failed to carry his burden to show he was prejudiced by trial counsel's alleged deficient performance</u>

Moreover, Defendant has also failed to establish he was prejudiced by any such omission. To prove ineffective assistance, a defendant must show that "there is a reasonable probability that…the result of the proceeding would have been different" but for counsel's deficient performance. <u>Strickland</u>, at 694. Defendant has not provided a sufficient basis for this court to conclude there existed a reasonable probability of a different outcome had trial counsel provided evidence of a need for rehabilitation. On remand, the District Court, with knowledge of its authority to give a diversionary sentence, reaffirmed its 24-month probationary sentence without inquiring as to whether Defendant was a suitable candidate for a rehabilitation program, strong evidence of a disinclination to grant the alternative Defendant suggests was appropriate.

**2. Denial of Due Process**

Defendant also argues that his right to Due Process was violated when the District Court reaffirmed its original sentence without ordering an evidentiary hearing to determine whether a rehabilitation program was appropriate in light of the Ninth Circuit's note of the absence of such evidence.

Evidentiary hearings are discretionary. <u>United States v. Coble</u>, 983 F.2d 1078 (9th Cir. 1993). On remand, the District Court reviewed the record with the knowledge that it possessed the discretion to impose a sentence of diversion and chose to affirm its original sentence. Defendant provides no evidence that the District Court did so improperly.

/

/

### d. *Valid reasons do not exist for not attacking the conviction earlier*

The requirement that justification exist for not attacking the conviction earlier is derived from the equitable doctrine of laches. Hirabayashi, at 604-05. "[I]n order for laches to bar [a] petitioner's claim, the government first must make a prima facie showing of prejudice as a result of [petitioner's] delay. If the government meets that burden, the burden of production of evidence then shifts to the petitioner to show either that the government actually was not prejudiced or that the petitioner exercised reasonable diligence in filing the claim." Telink, Inc, at 47.

The government has made a prima facie showing of prejudice. It persuasively argued that now—27 years after the conviction—the underlying incident report no longer exists, it is unlikely that witnesses could be located or would remember the events, and it has been deprived of the opportunity to timely investigate what transpired between trial counsel and Defendant, all of which could have allowed the government to rebut an ineffective assistance of counsel claim.

The burden has therefore shifted to Defendant to show either that the government actually has not been prejudiced or that the petitioner exercised reasonable diligence in bringing the petition. Defendant does not dispute that the government has been prejudiced but claims that he was reasonably diligent in bringing the petition. He contends that he "could not have filed an ineffective assistance of counsel claim [shortly after his sentencing] because he was then unable to appreciate that he may have had such case and unable to establish prejudice as required by Strickland…because [he] had yet to face the vast array of immigration consequences he now faces." Doc. 3, p. 4. He further argues that many of the immigration consequences that he now faces were "unanticipated" and "unforeseeable" at the time of his conviction.

Defendant is incorrect in his assessment that the issue of prejudice was not ripe under Strickland at the time of conviction. To satisfy the prejudice prong, a defendant only "must show that there is a reasonable probability that…the result of the proceeding would have been different." Strickland, at 694. When the District Court sentenced Defendant to 24 months probation, this result was "different" than the one-year diversionary sentence which Defendant "would have" received but for trial counsel's alleged ineffective assistance. Although, as discussed above in subsection II(B)(c)(1)(ii) of this order, Defendant fails to show he was prejudiced by any alleged omission by trial counsel, the issue of prejudice was indeed ripe under Strickland at the time of conviction as Defendant's sentence was inferior to that which he allegedly should have received.

Additionally, harsh immigration consequences were foreseeable at least as early as 1986 when Defendant's trial counsel stated on the record that Defendant had consulted with an immigration attorney who, in turn, stated Defendant would be ineligible to legalize his status if convicted and that deportation would be a certainty. See Petitioner's Rule 35 Motion, July 25, 1986. Although Defendant could not possibly have foreseen every future collateral consequence of his conviction and deportation, this early knowledge of negative immigration consequences weighs heavily against the reasonableness of Defendant's delay. Telink, Inc., at 48 (holding that the defendant should have brought his petition within one year of learning of an error and that a five-year delay was unreasonable).

Even if Defendant was reasonable in not bringing his petition after the Rule 35 motion in 1986, his delay became unreasonable at some point in time in the 26-year interim before filing this petition. Defendant states in his petition and reply to the government's response that immigration consequences "have haunted [him] for nearly 30 years" and that "[b]etween 1987

and 2009, Mr. Risquez was denied every visa application he submitted." He also states that because of his visa denials, he was "unable to visit his children for many years." He also cites the following as "imped[iments] by federal agents for well over two decades" resulting from his conviction: lengthy detentions, extreme travel difficulties, missed business meetings, and a rescinded job offer. Although Defendant does not provide the dates for each of these occurrences, it can be reasonably assumed they were spread over a period of decades.

Given that Defendant's ineffective assistance claim was ripe at the time of conviction and that he has had knowledge of the consequences of his conviction for many years, his delay in bringing this petition is unreasonable. In light of the prejudice that the unreasonably delayed petition would have on the government, the relief sought is barred by the equitable doctrine of laches.

**III. CONCLUSION**

Because Defendant has failed to satisfy the deficient performance and prejudice prongs under the Strickland test, and because Defendant unreasonably delayed in bringing this action which is now barred by laches, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 27, 2012

**Jeffrey T. Miller**
**United States District Judge**